823 F.2d 549
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood WILLIAMS, Jr., Plaintiff-Appellant,
v.
B. Norris VASSAR, Defendant-Appellee.
Haywood WILLIAMS, Jr., Plaintiff-Appellant,
v.
Allyn SIELAFF; Edward Murray, L. B. Cei, James M. Sisk, W.
D. Blankenship, Rufus Fleming, Ed Wright, Melvin
Sergeant, Defendant-Appellee.
 Nos. 86-7642, 86-7643
 United States Court of Appeals, Fourth Circuit.
 Submitted April 14, 1987.
Decided June 24, 1987.
 
 Haywood Williams, Jr., appellant pro se.
 Michael A. Likavec, Office of the Attorney General of Virginia, for appellees.
 Before WIDENER, HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Haywood Williams, currently a federal inmate, filed this 42 U.S.C. Sec. 1983 action alleging that the defendants (1) denied him due process and equal protection and (2) discriminated against him because of his religious beliefs. Subsequently, Williams filed another complaint alleging that other defendants had retaliated against him for filing the prior complaint. Williams filed a motion to consolidate the actions and a motion for appointment of counsel. The district court denied both motions and Williams appealed.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court only has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. 'Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 3
 The collateral order doctrine provides a limited exception to the final judgment rule. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Under the collateral order doctrine an interlocutory order may be appealed if it (1) conclusively decides the disputed issue; (2) resolves an important issue which is separate from the merits of the case; and (3) is unreviewable on appeal from the judgment. Firestone, supra, at 375.
 
 
 4
 In Miller v. Simmons, ---- F.2d ----, (4th Cir., March 26, 1987) (No. 85-6664), this Court held that a district court's decision denying a motion for appointment of counsel was not reviewable by interlocutory appeal; thus, it may only be appealed after entry of final judgment. An order denying a motion for consolidation of cases is also not reviewable until after entry of final judgment unless it fits within the collateral order exception. Williams has not established that an issue separate from the merits has been conclusively decided and it does not appear that he will be precluded from raising this issue after final judgment.
 
 
 5
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.